FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 01 2022

TAMMY H. DOWNS, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KAREN DAVIS-HAYNES, Individually and**          **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.        No. 4:22-cv-198-LPR

**ARMY AND AIR FORCE EXCHANGE SERVICE**          **DEFENDANT**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Karen Davis-Haynes ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys Colby Qualls and Josh Sanford of Sanford Law Firm, PLLC, for her Original Complaint—Collective Action ("Complaint") against Defendant Army and Air Force Exchange Service ("Defendant"), states and alleges as follows:

### I.   PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policies and practice of failing to pay proper overtime compensation under the FLSA and the AMWA.

This case assigned to District Judge Rudofsky
and to Magistrate Judge Volpe

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. Defendant conducts business in Arkansas and, at all times relevant herein, purposely availed itself of the benefits and protection of Arkansas state law.

6. Plaintiff performed work for Defendant within the Central Division of the Eastern District. Therefore, venue is proper in this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

7. Plaintiff is an individual and resident of Lonoke County.

8. Defendant is a government agency.

9. Defendant maintains a website at https://www.shopmyexchange.com/.

## IV. FACTUAL ALLEGATIONS

10. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Defendant operates shopping centers on Army and Air Force bases, including at Little Rock AFB in Jacksonville.

12. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in

interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

13. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

14. Within the two years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

15. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA and the AMWA.

16. Defendant employed Plaintiff as an hourly-paid employee from May of 2019 until April of 2021.

17. Plaintiff worked at Defendant's facilities at the Little Rock AFB.

18. Defendant also employed other hourly-paid employees (hereinafter, "Hourly Employees") at its Little Rock AFB location within the three years prior to the filing of this Complaint.

19. At all relevant times herein, Defendant directly hired Hourly Employees to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

20. Plaintiff and other Hourly Employees recorded their hours worked via Defendant's electronic time keeping system.

21. Plaintiff regularly worked hours over 40 each week.

22. Upon information and belief, other Hourly Employees also worked hours over 40 each week in some weeks.

23. Plaintiff and other Hourly Employees regularly worked hours which went unrecorded and uncompensated.

24. Plaintiff and other Hourly Employees were discouraged from recording more than 8 hours per day or 40 hours per week.

25. If Plaintiff worked over 8 hours per day, she was required to falsely report that she took a long lunch and have her hours changed retroactively by her supervisor.

26. Plaintiff also was occasionally required to clock out for at least a 90-minute lunch but was required to work through most or all of that time.

27. Upon information and belief, other Hourly Employees were subject to the same timekeeping practices and were required to either work through their lunches or were required to falsely report a long lunch and have their hours changed retroactively.

28. Plaintiff was regularly required to stay at work after the store closed and finish completing her duties, but she was not allowed to report this time as it would have resulted in her recording more than 8 hours of work per day.

29. Defendant failed to pay Plaintiff and other Hourly Employees for all hours worked.

30. Defendant knew or should have known that Plaintiff and other Hourly Employees were working hours which went unrecorded and uncompensated.

31. At all relevant times herein, Defendant has deprived Plaintiff and similarly situated Hourly Employees of sufficient overtime compensation for all of the hours worked over forty per week.

32. Defendant knew or showed reckless disregard for whether its actions violated the FLSA and the AMWA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

33. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

34. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated, who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A. Regular wages and overtime premiums for all hours worked over forty hours in any week;

    B. Liquidated damages; and

    C. Attorney's fees and costs.

35. Plaintiff proposes the following collective under the FLSA:

**All hourly Employees within the past three years for work performed in any week in which they worked at least 39 hours.**

36. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

37. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

38. The members of the proposed FLSA collective are similarly situated in that they share these traits:

   A. They were paid hourly;

   B. They were subject to Defendant's policy of allowing them to record approximately 8 hours per day (or 40 hours per week) of work regardless of whether they actually worked additional hours; and

   C. They worked over 40 hours in at least one week within the three years preceding the filing of this Complaint.

39. Plaintiff is unable to state the exact number of the collective but believes that it exceeds 10 persons.

40. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

41. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

42. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

43. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

44. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

45. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

46.  29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

47.  Defendant classified Plaintiff as nonexempt from the requirements of the FLSA.

48.  Defendant failed to pay Plaintiff for all hours worked, including 1.5x her regular rate for all hours worked in excess of 40 hours per week, despite her entitlement thereto.

49.  Defendant knew or should have known that its actions violated the FLSA.

50.  Defendant's conduct and practices, as described above, were willful.

51.  By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

52.  Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

53.  Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

54. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

55. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

56. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

57. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

58. Defendant classified Plaintiff and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

59. Defendant failed to pay Plaintiff and similarly situated employees for all hours worked, including 1.5x their regular rate for all hours worked in excess of 40 hours per week.

60. Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over 40 per week, in violation of the FLSA.

61. Defendant knew or should have known that its actions violated the FLSA.

62. Defendant's conduct and practices, as described above, were willful.

63. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and

costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

64. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

65. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA)

66. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

67. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq*.

68. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

69. Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

70.     Defendant classified Plaintiff as nonexempt from the requirements of AMWA.

71.     Defendant failed to pay Plaintiff for all hours worked, including overtime wages as required under the AMWA for all hours that Plaintiff worked in excess of forty per week.

72.     Defendant knew or should have known that its practices violated the AMWA.

73.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

74.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## IX.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Karen Davis-Haynes, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.      A declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA and their related regulations;

B.      Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.      Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid wages under the FLSA, the AMWA and their related regulations;

D.  Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the AMWA, and their related regulations;

E.  An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F.  Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**KAREN DAVIS-HAYNES, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

Colby Qualls
Ark. Bar No. 2019246
colby@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com